[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff files a Motion to Strike the defendants' apportionment complaint because it was filed longer than 120 days from the return date. The defendants countered in their objection that the statutory requirement that an apportionment complaint may not be filed after 120 days have passed after the return date does not apply to their complaint because it is an apportionment complaint. In light of Binder v. Sun Co. 246 Conn. 223 (1998), the defendants maintain that their right to file an apportionment complaint is legally established. Though not disputing the new right to apportion intentional wrong-doers, the plaintiff argues that the same rules for apportionment should apply to intentional wrong-doers as to negligent wrong-doers.
Briefly, the factual background is as follows. The plaintiff, Michael Swiattouski, was driving an automobile on May 13, 1997 which he alleges was struck by a vehicle driven by the defendant Marcin Liberda. Defendant Liberda claims that during the collision a third party was attempting to rob the defendant. The plaintiff filed a complaint against the defendants on August 29, 1997 and the return date was September 30, 1997. Following the rendering of the decision of the Connecticut Supreme Court inBinder v. Sun Co. 246 Conn. 223 (1998), the defendants filed an apportionment complaint against the intentional wrong-doer on September 2, 1998.
This court finds no evidence that the ruling in Binder is retroactive. In Binder the Supreme Court held that, although § 52-572h of the Connecticut General Statute would preclude the filing of an apportionment claim against an intentional wrong-doer, under the common law, such a complaint is permissible. Id. at 234. "The defendant also argues that as a matter of common law, we should extend the policy of apportionment to permit a defendant in a negligence action to cite in as an apportionment defendant a party whose conduct is alleged to be reckless, willful, and wanton. We agree." Id.Binder, therefore, extended rights under common law which had not been recognized previously. Though the parties raise interesting CT Page 921 issues as to whether or not the 120 day filing requirement applies to apportionment complaints against intentional wrongdoers, this court need not reach that decision because it finds that it would be inappropriate to apply Binder to this case. Plaintiff's motion to strike the defendants' apportionment complaint is granted.
ANGELA CAROL ROBINSON JUDGE, SUPERIOR COURT